UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
++++++++++++++++++++++++++++++++++++++++++++++++++++

**UNITED STATES OF AMERICA,**

                        **Plaintiff,**

                **-v-**                              **5:12-CV-114 (NAM/ATB)**

**JYVONNA I. WILLIAMS**
                        **Defendant.**

++++++++++++++++++++++++++++++++++++++++++++++++++++

APPEARANCES:
Manfredi Law Group, PLLC
John S. Manfredi, Esq., of counsel
302 East 19th Street, Suite 2A
New York, New York 10003
Attorney for Plaintiff

**Hon. Norman A. Mordue, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

      Plaintiff, the United States of America, brings this action to recover monies owed by defendant on a student loan. On March 2, 2012, plaintiff obtained a Clerk's Entry of Default (Dkt. No. 5). Plaintiff now moves (Dkt. No. 6) for default judgment in the sum of $9,224.14 plus 8.25% interest from the date of default, July 18, 2001, to January 2, 2008, the date of the Certificate of Indebtedness, in the amount of $2,505.76, for a total of $11,729.90. Plaintiff also seeks $55, the cost of service of process.

      Plaintiff has not, however, established its entitlement to attorney's fees. Plaintiff does not attach a copy of the contract which allegedly provides for attorney's fees. Nor can the Court determine whether there is statutory authority for an an attorney's fee award. Moreover, plaintiff has not submitted an affidavit by counsel detailing the hours spent by each attorney on this case, the hourly rate of that attorney, or evidence of the market rate. Plaintiff may also submit any

case-specific evidence it may want the Court to consider. *See McDaniel v. County of Schenectady*, 595 F.3d 411, 420 (2d Cir. 2010). On this record, the Court cannot evaluate whether, on what terms, and in what amount defendant may be obligated to pay attorney's fees. In a recent similar case, the Court advised plaintiff's counsel of the requirements for a proper attorney's fee application.[1] Despite such notice, counsel has not attempted to supplement the motion herein with a proper attorney's fee application. Attorney's fees are denied.

The complaint, Certificate of Indebtedness (incorporated by reference into the complaint), and counsel's Affidavit in Support of Default Judgment establish the amount due, defendant's nonpayment, and the process server's fee of $55. Plaintiff also submits a supplemental affirmation in support of its assertion that defendant is not in the United States military. Plaintiff has demonstrated its entitlement to recover a total of $11,784.90, plus interest at 8.25% from January 3, 2008 until the date of judgment.

It is therefore

ORDERED that the motion (Dkt. No. 6) for default judgment is granted; and it is further

ORDERED that default judgment is granted in the amount of $11,784.90, plus interest at 8.25% from January 3, 2008 until the date of judgment.

IT IS SO ORDERED.

Date: May 2, 2012
Syracuse, New York

Honorable Norman A. Mordue
U.S. District Judge

---

[1] *See United States v. Flora*, 5:12-CV-147 (Dkt. No. 8), in which the Court delayed final decision on the motion for a period of 30 days to give plaintiff an opportunity to file additional submissions in support of attorney's fees. In response, counsel submitted a proposed judgment which did not include an award of attorney's fees; the Court deemed that submission to be a withdrawal of the request for attorney's fees (Dkt. No. 11).